DAVID R JENKINS ESQUIRE #95301

P O BOX 1406

FRESNO, CA 93716

(559)264-5695

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| In re:<br>BRENT SCHAIBLE<br>Debtor, | Case No. 16-10014-B-13F |
|---|---|

## ORDER CONFIRMING PLAN

The Chapter 13 Plan filed on 01/04/2016 has been transmitted to all creditors, and it has been determined after notice and opportunity for a hearing that the Debtor's plan satisfies the requirements of 11 U.S.C. § 1325.

Therefore, **IT IS ORDERED** that the plan is confirmed.

**IT IS FURTHER ORDERED** that:

1. The Debtor shall immediately notify, in writing, the Clerk of the United States Bankruptcy Court and the Trustee of any change in the Debtor's address;

2. The Debtor shall immediately notify the Trustee, in writing, of any termination, reduction of, or other change in the employment of the Debtor; and

3. The Debtor shall appear in court whenever notified to do so by the Court.

**IT IS FURTHER ORDERED** that the attorney's fees for the Debtor attorney in the full amount of $4,000.00 are approved, $1,000.00 of which was paid prior to the filing of the petition. The balance of $3,000.00, provided that the attorney and Debtor have complied with Local Bankruptcy Rule 2016-1(c), shall be paid by the Trustee from plan payments at the rate specified in the confirmed plan.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 1323, the plan is amended as follows:

1

RECEIVED
April 25, 2016
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005782302

1.      The Debtor shall provide a copy of their 2015 State and Federal Tax return to the Trustee by April 1, 2015.

2.      The debtor(s) has scheduled a P.I. and Property Damage claim for injuries suffered, which has not yet been adjudicated. The amount of the claim is unknown. The debtor(s) has claimed an exemption pursuant to C.C.P. §703.140(b)(11)(D) in the sum of $25,575.00. The debtor(s) shall continue the litigation and upon settlement or judgment notify the Chapter 13 Trustee of any settlement or judgment, and provide the trustee with all documents reflecting the amount of the settlement or judgment and the amount the debtor(s) claim exempt. All amounts shall be paid immediately to the Chapter 13 Trustee. The Chapter 13 Trustee may seek modification of the debtor(s) Chapter 13 plan and/or object to the debtor(s) claim of exemption, and the time period for filing said objection to exemptions is hereby extended until 60 days after notification in writing by the debtor(s) to the Chapter 13 Trustee of the outcome of the personal injury claim. The court shall retain jurisdiction to reexamine the issue as to whether the unsecured creditors are receiving that which they would in the event of liquidation under Chapter 7, in light of the settlement or judgment and or whether the award or judgment constitutes disposable income, which the debtor(s) should devote to the Chapter 13 plan.

Date:   3-8-16

_/s/ DRJ_

Approved by DAVID R JENKINS ESQUIRE

Date:   APR 22 2016

_/s/ Deanna Hazelton_

Approved by the Chapter 13 Trustee as to form

**Dated:** Apr 25, 2016

By the Court

_/s/ René Lastreto II_

René Lastreto II, Judge
United States Bankruptcy Court